UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
OFFICE OF THE CLERK
500 PEARL STREET
NEW YORK, NEW YORK 10007



RUBY J. KRAJICK
CLERK OF COURT

February 25, 2022

BY ECF AND OVERNIGHT MAIL

Carol Lee O'Keefe
Korein Tillery, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101

Kate Lv
Scott and Scott Attorneys at Law LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169

Adam Selim Hakki
Shearman & Sterling LLP (NY)
599 Lexington Avenue
New York, NY 10022

Anthony Antonelli
Paul Hastings LLP
200 Park Ave.
New York, NY 10166

Jay B. Kasner
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001-8602

Herbert Scott Washer
Cahill Gordon & Reindel LLP
32 Old Slip
New York, NY 10005

Brian John Roe
Simpson Thacher & Bartlett LLP
425 Lexington Ave.
New York, NY 10017

Jonathan Sloan Carter
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Andrew W. Chang
Holwell Shuster & Goldberg LLP
425 Lexington Avenue
New York, NY 10017

Brad Scott Karp
Paul Weiss (NY)
1285 Avenue of the Americas
New York, NY 10019

Paul Steel Mishkin
Davis Polk & Wardwell LLP (NYC)
450 Lexington Avenue
New York, NY 10017

Amanda Leigh Dollinger
Jones Day (NYC)
250 Vesey Street
New York, NY 10281

Re: 1:20-cv-03154-LJL, Litovich v. Bank of America Corporation, et al.

Dear Counsel,

I have been contacted by Judge Lewis J. Liman, U.S.D.J., who presided over the above-mentioned case.

Judge Liman informed me that it has been brought to his attention that while he presided over the case his wife owned stock in Bank of America Corporation. His wife's stock ownership is imputed to Judge Liman. That ownership of stock neither affected nor impacted his decisions in this case. However, that stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Liman directed that I notify the parties of the potential conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

If you wish to respond to the disclosure of a potential conflict in this matter, please file your response in the above-named case. Any response will be considered by another judge of this court without the participation of Judge Liman.

Sincerely,

Ruby J. Krajick
Clerk of Court

cc: Hon. Lewis J. Liman, U.S.D.J.