USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/10/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
ISABEL LITOVICH; MICHAEL V. COTTRELL;
FRANK HIRSCH; HOLDCRAFT MARITAL TRUST;
and UNITED FOOD AND COMMERCIAL WORKERS
UNION AND PARTICIPATING FOOD INDUSTRY
EMPLOYERS TRI-STATE PENSION FUND, on Behalf
of Themselves and All Others Similarly Situated,

                     Plaintiffs,

    -against-

BANK OF AMERICA CORPORATION; MERRILL
LYNCH, PIERCE, FENNER & SMITH, INC.; BofA
SECURITIES, INC.; BARCLAYS CAPITAL INC.;
CITIGROUP INC.; CITIGROUP GLOBAL MARKETS
INC.; CREDIT SUISSE SECURITIES (USA) LLC;
DEUTSCHE BANK SECURITIES INC.; THE
GOLDMAN SACHS GROUP, INC.; GOLDMAN,
SACHS & CO., LLC; JPMORGAN CHASE & CO.; J.P.
MORGAN SECURITIES LLC; MORGAN STANLEY;
MORGAN STANLEY & CO., LLC; MORGAN
STANLEY SMITH BARNEY LLC; NATWEST
MARKETS SECURITIES INC.; WELLS FARGO & CO.;
WELLS FARGO SECURITIES LLC; and WELLS
FARGO CLEARING SERVICES, LLC,

                     Defendants.
------------------------------------------------------------------------ X

20-CV-3154 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

      Plaintiffs' antitrust action against Defendants, financial institutions accused of unlawfully restraining the secondary corporate bond market, was dismissed by Judge Lewis J. Liman ("Judge Liman") with prejudice and is now pending on appeal. After Plaintiffs filed their notice of appeal, the Clerk of Court informed the parties that Judge Liman's wife owned stock in one of the Defendants while he was presiding over the case. Plaintiffs have moved the Undersigned to issue an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1 that if the Court's jurisdiction had not been divested by Plaintiffs' appeal, the Court would vacate Judge

Liman's judgment and grant Plaintiffs leave to file a second amended complaint. *See* Pls. Not. of Mot., Dkt. 160. For the following reasons, Plaintiffs' motion is denied.

## BACKGROUND

Plaintiffs are investors who bought and sold odd-lots of corporate bonds in the secondary market directly from and to Defendants, including Bank of America Corporation ("BofA"). Am. Compl., Dkt. 128, ¶ 2. Defendants allegedly conspired to restrain electronic advances in the secondary corporate bond marketplace that would have reduced Plaintiffs' transactional costs and depressed Defendants' trading profits. *Id.*

Plaintiffs brought this action against Defendants on April 21, 2020, *see* Compl., Dkt. 1, and Defendants moved to dismiss Plaintiffs' Amended Complaint on December 15, 2020, *see* Dkt. 130. After holding oral argument, on October 25, 2021, Judge Liman granted Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Final Opinion & Order, Dkt. 147. On November 23, 2021, Plaintiffs filed a notice of appeal. *See* Dkt. 150.

On February 25, 2022, the Clerk of Court (the "Clerk") informed the parties that, while Judge Liman was presiding over the case, his wife, whose stock ownership is imputed to Judge Liman, owned BofA stock. *See* Dkt. 155. Although the Clerk reported that Judge Liman's stock ownership had "neither affected nor impacted his decisions in this case[,]" it "would have required recusal under the Code of Conduct for United States Judges . . . ." *Id.* at 2.[1] On March 2, 2022, this case was reassigned to the Undersigned.

On March 1, 2022, Plaintiffs moved to hold their appeal in abeyance in light of the

---

[1] On March 14, 2022, the Clerk informed the parties that Judge Liman's stock interest in BofA was fully divested in July 2021, before Judge Liman dismissed Plaintiffs' case. *See* Dkt. 159; Final Opinion & Order, Dkt. 147 (dismissing Plaintiffs' case in October 2021).

Clerk's disclosure, *Litovich et al. v. Bank of Am. Corp.*, No. 21-2905 (2d Cir. filed Nov. 23, 2021), Dkt. 85, and filed their merits brief a week later, *id.* Dkt. 100. Plaintiffs identified the issues on appeal as whether the judgment should be vacated and remanded because it was incorrect on the merits[2] and, in the alternative, whether the judgment should be vacated and remanded because Judge Liman was required to recuse himself in light of his wife's stock ownership. *See id.* at 4.

On March 15, 2022, the Second Circuit denied Plaintiffs' motion to hold their appeal in abeyance. *See id.* Dkt. 112. On March 30, 2022, pursuant to Federal Rule of Civil Procedure 62.1, Plaintiffs moved this Court for an indicative ruling that it would vacate Judge Liman's decision and grant Plaintiffs leave to file a second amended complaint. *See* Pls. Not. of Mot.

## DISCUSSION

### I. LEGAL STANDARD

The filing of a notice of appeal "divests a district court of jurisdiction over the issues presented in the appeal." *Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon,* 775 F.3d 154, 159 n.4 (2d Cir. 2014) (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)). When faced with a motion for relief that the district court lacks authority to grant because of a pending appeal, the district court "may (1) defer consideration of the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). That said, Rule 62.1 "does not supply a free-standing basis for parties to solicit the

---

[2] Plaintiffs specifically presented the issues as whether (1) Plaintiffs stated a plausible claim under § 1 of the Sherman Act; (2) Plaintiffs plausibly alleged that each of the Defendants joined an unlawful agreement under the Sherman Act; (3) Plaintiffs' Complaint was timely; and (4) Plaintiffs plausibly alleged antitrust injury. *See Litovich et al. v. Bank of Am. Corp.*, No. 21-2905 (2d Cir. filed Nov. 23, 2021), Dkt. 100, at 4.

district court's views on matters currently on appeal[.]" *LFoundry Rousset, SAS v. Atmel Corp.*, 690 F. App'x 748, 750 (2d Cir. 2017) (summary order) (quoting Steven S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, *Rule 62.1 Indicative Ruling on a Motion for Relief that is Barred by a Pending Appeal* (Feb. 2017)). Indicative rulings are designed to "allow for the timely resolution of motions which may further the appeal or obviate its necessity." *Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi. v. Bank of N.Y. Mellon,* 297 F.R.D. 218, 221 (S.D.N.Y. 2013); *see also Exp.-Imp. Bank of Republic of China v. Cent. Bank of Liber.*, No. 15-CV-9565 (ALC), 2017 WL 6398726, at *2 (S.D.N.Y. Dec. 13, 2017). An indicative ruling may be appropriate, for example, if the motion involves newly discovered evidence that the district court believes would cause it to alter the order that is being appealed. Such a ruling is not appropriate, however, when it requires the district court to consider the exact issue that is pending on appeal. *See Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi.,* 297 F.R.D. at 221 (noting that "an indicative ruling on the very issue on appeal only interrupts the appellate process").

## II. The Court Declines to Issue an Indicative Ruling

Plaintiffs urge the Court to issue an indicative ruling in this case primarily because doing so would obviate their appeal. Pl. Reply, Dkt. 171, 6–8. The Court finds this argument unpersuasive. By declining to hold Plaintiffs' appeal in abeyance, *see Litovich et al.*, No. 21-2905, at Dkt. 112, the Second Circuit opted to review Judge Liman's decision dismissing Plaintiffs' case for failure to state a claim *de novo* on the merits, *see Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 19 F.4th 145, 147 (2d Cir. 2021) (reviewing a district court's grant of a motion to dismiss *de novo*) (internal quotation marks and citation omitted). Also on appeal is whether, regardless of whether the Amended Complaint was properly dismissed, Judge Liman's

failure to recuse himself warrants vacating his order dismissing the case. Both sides concede that these issues can be resolved based on the undisputed facts set forth in the record. *See* Pls. Mem., Dkt. 161, 16–17; Pls. Reply 7; Defs. Mem. in Opp., Dkt. 168, at 13, 20–21. This Court is, therefore, no more suited to adjudicate the issues on appeal than the Second Circuit, and it need not exercise its discretion to give Plaintiffs another bite at the apple. *See Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 297 F.R.D. at 221 (declining to issue an indicative ruling because it would "do little to aid the Second Circuit's consideration of the appeal"); *Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208, 211 (W.D.N.Y. 2015) (declining to issue an indicative ruling because the case did not involve newly discovered evidence or a mistake "of which the appellate court would presumably be unaware").

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for an indicative ruling from this Court that it would vacate Judge Liman's judgment and grant Plaintiffs leave to file a second amended complaint is DENIED. The Clerk of Court is respectfully directed to close the open motion at Docket 160.

**SO ORDERED.**

Date:  November 10, 2022
       New York, New York

                                              _____
                                              **VALERIE CAPRONI**
                                              **United States District Judge**